**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE BARRIOS,<br><br>    Petitioner,<br><br>    v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Respondents. | No. 25cv15122 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Petitioner Jorge Barrios, a native and citizen of Guatemala, filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his immigration detention, which began on August 1, 2025. D.E. 1 ("Petition").[1] Petitioner contends his detention pending removal is unlawful because he expects his removal proceedings to be reopened for adjustment of status based upon a stipulation by counsel to reopen before the Board of Immigration Appeals ("BIA"). Petition ¶ 1. On August 30, 2025, Petitioner filed his First Motion for Order to Show Cause, D.E. 2. Petitioner subsequently filed an Amended Motion for Order to Show Cause, D.E. 3, seeking a hearing date for the Petition and a stay of removal until further ordered by the Court.[2] Petitioner has paid the filing fee for his Petition. *See* Dkt.

---

[1] Petitioner alleges he was picked up by Immigrations and Customs Enforcement ("ICE") during a check-in on August 1, 2025, and detained at Delaney Hall Detention Center in Newark, New Jersey ("Delaney Hall") at the time his Petition was filed. Petition ¶¶ 1, 18.

[2] In his brief in support of his First Motion for Order to Show Cause, Petitioner submits that, on or about August 30, 2025, he was transferred from Delaney Hall to a staging facility in Alexandria, Virginia, where he is about to be removed to Guatemala. D.E. 2-1 ("Brief in Supp. of OTSC.") at 2. Petitioner states he "apparently has a Removal Order from the Newark New Jersey Immigration Court on September 21, 1998" and the BIA dismissed his case on July 5, 2002. *Id.* Petitioner did not submit a brief in support of his Amended Order to Show Cause. The Court therefore construes

In accordance with Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rule 4")—which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing § 2254 Cases—this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted. The request for a stay of removal in the Amended Motion to Show Cause will be **DENIED** *without prejudice* because it appears that Petitioner is presently subject to a final order of removal,[3] and has not been detained for the 90-day statutory period[4] or the six-month

---

the brief in support of his First Motion is applicable to the Amended Motion for Order to Show Cause.

[3] Petitioner alleges he entered the United States with his wife on a B1/B2 visa, and unsuccessfully applied for asylum. Petition ¶¶ 9-10. He was granted Voluntary Departure in 1998, with several extensions thereafter. *Id.* ¶¶ 10-11. He failed to depart, but in 2013, his eldest daughter's I-130 Petition was approved as to both parents. *Id.* ¶ 13. Petitioner filed a motion to reopen to adjust status in 2018, and although it was a joint motion "signed by Respondent's BIA counsel and DHS Attorney," it was never acted upon. *Id.* ¶ 14, and Petition, Ex. A. Petitioner has a motion to reopen removal proceedings pending with the BIA since July 30, 2025. *Id.* ¶ 1.

Nonetheless, Petitioner has not alleged the motion has been granted, and failure to voluntarily depart within time renders a person subject to detention and removal. *See Monsalvo Velazquez v. Bondi*, 145 S. Ct. 1232, 1236 (Apr. 22, 2025) (noting "the government can afford the option of a 'voluntary departure' to those 'of good moral character' under 8 U.S.C. § 1229c(b)(1)(B), and "[w]hen the government extends this option, it effectively makes detention and removal contingent: Officials may detain and remove the individual only if he remains in the country after his voluntary-departure period has expired"); *see* 8 U.S.C. § 1229c(b)(1) ("The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 1229a of this title [removal proceedings], the immigration judge enters an order granting voluntary departure in lieu of removal…." (citation modified). Petitioner states he has a removal order from the Immigration Court in Newark, New Jersey, dated September 21, 1998, and the BIA dismissed his case on July 5, 2002. Brief in Supp. of OTSC at 2.

[4] "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period[,]" subject to at least three exceptions. 8 U. S. C. § 1231(a)(1)(A)." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

presumptively reasonable post-removal-period detention period under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[5]  Accordingly,

**IT IS** on this __5th__ day of __September__, 2025,

**ORDERED** that Petitioner's First Motion for Order to Show Cause, D.E. 2, is **DISMISSED** as **MOOT**; and Petitioner's Amended Motion for Order to Show Cause, D.E. 3, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, D.E. 1, and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, D.E. 1, and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, pursuant to Habeas Rule 4, within **twenty days** of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider; and it is further

---

[5] The Supreme Court interpreted the § 1231(a) statutory post-removal-period as to aliens admitted into the United States and subsequently ordered removed "to avoid a serious constitutional threat" if detention under the statute was interpreted as indefinite, and "conclude[d] that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699 (alteration added).

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply brief in support of the Petition within **ten days** after the answer is filed.

/s/ Evelyn Padin
Evelyn Padin, U.S.D.J.